UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: RICHARD E. FERRETTE,          Civil Action No. 10-CV-12188
                                                                 HON. BERNARD A. FRIEDMAN

                                                                 Bankr. No. 10-40853-SWR
                                                                 Chapter 7
           Debtor.                         Bankr. Judge Steven Rhodes
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S
ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

        This matter is presently before the court on debtor's appeal of the bankruptcy court's Order Granting Relief from the Automatic Stay, entered in this Chapter 7 proceeding on May 19, 2010.[1] Both sides have filed their appellate briefs. Pursuant to E.D. Mich. LR 7.1(f)(2) and Bankr. Rule 8012, the court shall decide the appeal without hearing oral argument.

        Debtor filed the instant Chapter 7 petition on January 13, 2010. On April 23, 2010, Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion for relief from the automatic stay as to real property commonly known as 208 Willis Avenue, Royal Oak, Michigan ("208 Willis"). Debtor claimed to have a $140,000 interest in this property; he also claimed that a secured claim in the amount of $105,000 existed as to this property. In its motion for relief from the automatic stay, MERS indicated that debtor had no recorded interest in the property, that debtor had quit-claimed his interest in the property to his father, Ralph Ferrette, who in turn had granted Flagstar Bank a mortgage, which had been foreclosed before debtor filed his bankruptcy petition.

_____

[1] Pursuant to 28 U.S.C. § 158(a)(1), this court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. An order lifting the automatic stay is appealable under this section. *See In re Sun Valley Foods Co.*, 801 F.2d 186, 190 (6th Cir. 1986). The bankruptcy court's findings of fact are reviewed for clear error; its conclusions of law are reviewed *de novo*. *See In re Wingerter*, 594 F.3d 931, 935-36 (6th Cir. 2010).

Documents attached to this motion show that in November 2005 Ralph Ferrette borrowed $168,000 from Flagstar for a 30-year term and, as security therefor, gave Flagstar a mortgage in 208 Willis. MERS, as Flagstar's nominee, purchased the property at a sheriff's sale on July 14, 2009, and then quit-claimed the property to Flagstar on August 4, 2009.  MERS argued that under *In re Glenn*, 760 F.2d 1428 (6th Cir. 1985), it was entitled to have the automatic stay lifted because debtor's filing of his bankruptcy petition could not cause the foreclosed mortgage to be reinstated or the redemption period to be tolled.

In response, debtor argued that he co-owned 208 Willis with his father, who died in October 2007.  Debtor claimed that his father bequeathed his interest in the property to debtor, that "this will should be probated in the Oakland County Circuit Court," and that the sheriff's sale "should be voided by this Honorable Court. . . ."  Debtor further argued that *In re Glenn* does not apply because the validity of a sheriff's sale was not at issue in that case.

At the hearing on this motion, the parties repeated these arguments.  Counsel for MERS clarified that 208 Willis had gone through the foreclosure process and was sold at a sheriff's sale months before petitioner filed his Chapter 7 petition. She also indicated that the motion sought relief from the automatic stay so that eviction proceedings could be pursued. The court "conclude[d] that the record does establish cause for relief from the stay for that purpose to pursue eviction proceedings.  This ruling, of course, is without prejudice to the debtor's rights to assert any proper and legal defenses he may have to that proceeding" (Tr. 4-5).

In their appellate briefs, the parties focus on a number of issues which have nothing to do with whether the bankruptcy court erred in granting the motion for relief from the automatic

2

stay,[2] which is the only order identified in debtor's notice of appeal. The notice of appeal seeks review of the order in Bankr. No. 10-40853-SWR entered "on the 19th day of May 2010." The only order entered in that case on May 19, 2010, was the Order Granting Relief from the Automatic Stay. If debtor had wanted this court to review the bankruptcy court's order dismissing his complaint in the adversary proceeding, he was required to include that order in his notice of appeal. *See* Bankr. Rule 8001(a). The only order properly before this court on appeal is the one debtor did include in his notice of appeal, namely, the order granting MERS's motion for relief from the automatic stay.

The bankruptcy court's order granting MERS's motion for relief from the automatic stay was clearly correct. MERS sought this relief so that it, as Flagstar's nominee, or Flagstar itself, as the current titleholder, could pursue eviction proceedings against debtor in state court. As noted above, 208 Willis was sold at a sheriff's sale on July 14, 2009, before the instant Chapter 7 petitioner was filed. The court of appeals held in *In re Glenn* that the automatic stay does not toll state statutory redemption periods once the property in question has been sold and, moreover, that bankruptcy courts have no general equitable powers to extend redemption periods if the property was sold before the bankruptcy petition was filed. *See id.*, 760 F.2d at 1435, 1441. In the present

---

[2] Instead of addressing the bankruptcy court's order lifting the automatic stay, debtor/appellant argues that the bankruptcy court erred in dismissing his adversarial complaint in Adv. No. 10-04871-SWR, which debtor filed on March 12, 2010, within the instant Chapter 7 case. In the adversarial proceeding, brought against Flagstar, debtor alleged that the bankruptcy court erred in dismissing his prior Chapter 7 petition (09-58082-SWR) on July 10, 2009, for failure to file required documents. Debtor filed no motions or appeal challenging the dismissal of 09-58082. Nonetheless, debtor alleged in 10-04871 that the dismissal of his 09-58082 petition was erroneous because he had not failed to file the required documents, and that the sheriff's sale of 208 Willis, which occurred shortly after the dismissal of 09-58082, should be set aside and the redemption period extended. On May 18, 2010, the bankruptcy court granted Flagstar's motion in 10-04871 to dismiss on the grounds that "[t]here is nothing in the Bankruptcy Code which warrants such relief."

3

case, debtor's property (assuming for present purposes that he had an interest therein) was sold on July 14, 2009, and the instant Chapter 7 petition was filed on January 13, 2010. Under *in re Glenn*, the automatic stay did not toll the redemption period and the bankruptcy court was powerless to order it tolled or to "void" the sale. MERS was clearly entitled to have the stay lifted and the bankruptcy court committed no error in doing so. This court affirms the bankruptcy court's order granting MERS's motion for relief from the automatic stay.

Although the bankruptcy court's order dismissing the adversary proceeding is not properly part of this appeal (*see* fn. 2, *supra*), the court shall nonetheless address that order, as the parties have done so in their appellate briefs. *See In re Phoenix Corp.* 121 F.3d 709 (Table) (6th Cir. 1997). Again, however, the issues argued by the parties in their appellate briefs do not relate to the basis for the bankruptcy court's order which, as noted, was that the relief debtor sought is not available to him via a bankruptcy adversary proceeding. Rather, the parties debate whether debtor's service of the adversarial complaint was correct; whether debtor, as opposed to the bankruptcy estate, is the real party in interest; whether debtor's adversary proceeding is a proper means by which to challenge the dismissal of his earlier Chapter 7 petition; whether debtor had acted promptly to challenge the validity of the sheriff's sale; the res judicata effect of the dismissal of the earlier Chapter 7 petition on the adversary proceeding; and whether the adversarial proceeding is moot.

The court need not, and shall not, join the parties' debate as to these issues. Rather, the court shall affirm the bankruptcy court's order dismissing the complaint in the adversary proceeding for the reason articulated by that court: the relief debtor sought in that complaint – an order voiding the sheriff's sale and extending the redemption period – is simply not available. Under *In re Glenn*, the bankruptcy court was powerless to grant such relief because 208 Willis had

already been sold by the time debtor filed the instant Chapter 7 petition. The earlier Chapter 7 petition, 09-58082, had been dismissed and the dismissal was final because debtor took no action to challenge that dismissal by filing a motion to alter or amend the judgment, a motion for relief from judgment, or an appeal. *See* Bankr. Rules 8001, 8002. After the property had been sold at the sheriff's sale, debtor lost his opportunity to obtain any relief from the bankruptcy court to void the sale or extend the redemption period. Accordingly,

IT IS ORDERED that the orders of the bankruptcy court granting relief from the automatic stay and dismissing the adversary proceeding are affirmed.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 16, 2011
       Detroit, Michigan

I hereby certify a copy of this document was sent to
the below party via U.S. mail
**Richard E Ferettee**
208 Willis Road
Royal Oak, MI 48067

Carol L. Mullins
Deputy Clerk